99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dwayne Anthony JOHNSON, Plaintiff-Appellant,
v.
Haresha PANDYA, M.D., et al., Defendants-Appellees.
 No. 96-1080.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1996.
 
 1
 Before: NELSON and NORRIS, Circuit Judges; HIGGINS, District Judge.*
 
 ORDER
 
 2
 Dwayne Anthony Johnson appeals pro se from a district court judgment that dismissed his civil rights case filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Johnson alleged that the defendants violated the Eighth Amendment by being deliberately indifferent to his serious medical needs while he was incarcerated at a Michigan prison. In particular, he alleged that the defendants refused to issue a medical order directing that he be housed on the ground floor because of his alleged back pain.
 
 
 4
 The case was referred to a magistrate judge who issued a report recommending that it be dismissed under 28 U.S.C. § 1915(d). Johnson filed timely objections to this report. Nevertheless, the district court adopted the magistrate judge's recommendation, and dismissed the case for lack of substantive merit on November 28, 1995. It is from this judgment that Johnson now appeals.
 
 
 5
 A complaint may be dismissed as frivolous under 28 U.S.C. § 1915(d), if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The dismissal of a case under § 1915(d) is reviewed for an abuse of discretion on appeal. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992).
 
 
 6
 The Eighth Amendment's proscription against cruel and unusual punishment includes deliberate indifference to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, deliberate indifference does not include mere negligence in diagnosing or treating a medical condition. Id. at 106; Sanderfer v. Nichols, 62 F.3d 151, 154 (6th Cir.1995). The district court did not abuse its discretion by dismissing the present case under this test, as Johnson's own pleadings indicate that he received medical treatment for back pain.
 
 
 7
 Johnson admits that the defendants provided him with numerous tests and examinations, including a lumbar C-T scan, an epidural steroid block and a lumbar myelogram. The record also indicates that Johnson's back pain was treated with various drugs. By virtue of a medical order, Johnson is not required to work at heights and he is still ensured a bottom bunk because of his impairment. In light of this treatment, Johnson has alleged no more than medical malpractice, which does not rise to the level of a cognizable Eighth Amendment violation under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 107-08; Sanderfer, 62 F.3d at 155.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, United States District Judge for the Middle District of Tennessee, sitting by designation